

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00094-CR

Joshua Joel **LALUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1397A
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  April 9, 2014

DISMISSED

Pursuant to a plea bargain agreement, appellant Joshua Joel Laluz pleaded guilty to the offense of human trafficking of a person under the age of eighteen for the purpose of prostitution. As part of his plea-bargain, appellant signed a separate "Waiver of Appeal."  The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court.  *See* TEX. R. APP. P. 25.2(e).  The clerk's record, which includes

the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Laluz does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On February 14, 2014, we gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing appellant has the right to appeal were signed by the trial judge and made part of the appellate record by March 17, 2014. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (Tex. App.—San Antonio July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing appellant has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

Do Not Publish